IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANTHONY JEROME BENTLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-8 |
| v. | |
| ALVIE KIGHT; TOOMBS COUNTY DETENTION CENTER; KATHY PALMER; GABRIEL T. CLIETT; TOOMBS COUNTY, GEORGIA; HAYWARD ALTMAN; and AMANDA HART, | |
| Defendants. | |

## **O R D E R**

Plaintiff, who is incarcerated at the Toombs County Detention Center in Lyons, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motion and **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order.

## BACKGROUND

In his Complaint, which was submitted on a handwritten form, Plaintiff asserts Defendants Kight and the Toombs County Detention Center violated his First Amendment rights by failing to provide Plaintiff with a copy of the Detention Center's handbook so that he could know the rules and regulations at the Detention Center. (Doc. 1, p. 11.) Plaintiff also alleges the religious materials he ordered were either thrown away upon arrival at the Detention Center or

his request was not sent to the headquarters for his religion. According to Plaintiff, Defendant Hart handles the inmate mail and "has been known to hold and mishandle" mail. (Id.) Plaintiff maintains he has not been allowed to freely exercise his religious beliefs since he is not allowed to receive his requested religious materials. Plaintiff contends Defendant Hart informed him that he could not have access to a law library and should instead request certain materials from her, which could take anywhere from ten (10) days to four (4) months to reach him, if at all. (Id. at p. 12.) Plaintiff stated that his legal mail was tampered with because he received an envelope containing legal mail that had been opened and then was re-sealed with tape. (Id.) Additionally, Plaintiff asserts he has been subjected to cruel and unusual punishment because he has not received personal hygiene items and other minimum necessities. (Id.) Plaintiff also sets forth various claims relating to his ongoing criminal proceedings in Toombs County Superior Court. (Id. at pp. 13–18.)

## DISCUSSION

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to

state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and,

3

therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff's Complaint was not submitted on the form complaint prisoners are to use when filing 42 U.S.C. § 1983 causes of action in this Court. The Court **DIRECTS** the Clerk of Court to provide Plaintiff with a proper blank prisoner civil rights complaint form. The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of this Order and to pay special attention to the questions this form asks. In addition, Plaintiff is advised he must set forth allegations indicating that his constitutional rights have been violated and by whom his rights have been violated.

Furthermore, the allegations Plaintiff sets forth in his Complaint are not related to each other. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such an Amended Complaint is filed.

When submitting his Amended Complaint, the Court **DIRECTS** Plaintiff to:

(1) draft his Amended Complaint on the complaint form provided by the Clerk of Court;

(2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;

(3) add no more than ten pages to the form;

(4) write legibly and only on one side of each page;

(5) provide the name of each intended defendant;

(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly identify each defendant responsible for each alleged violation;

(9) omit all legal argument or conclusions;

(10) provide complete information on the administrative relief Plaintiff has pursued, including whether he has filed any grievance on the claims he asserts in this action, the outcome of any grievance, and whether Plaintiff filed any appeal regarding any grievance; and

(11) provide detailed information on all prisoner civil actions Plaintiff has filed.

In addition, while Plaintiff has submitted an Application to Proceed *in Forma Pauperis*, he has submitted a handwritten form, and this is not the form the Court wishes for prisoners to use when seeking to proceed before this Court. To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate trust accounts on page 2 of this

application. The Court likewise **DIRECTS** Plaintiff to re-submit his application using that form within **fourteen (14) days** of this Order.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a Court order. The Court **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the prisoner civil rights form complaint and a blank copy of the appropriate form for application to proceed *in forma pauperis* for prisoners.

**SO ORDERED**, this 31st day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA